# IN THE SUPREME COURT, STATE OF WYOMING

## 2013 WY 116

### APRIL TERM, A.D. 2013

### September 30, 2013

IN THE MATTER OF THE WORKER'S
COMPENSATION CLAIM OF:

ANITA J. FIESELER,

Appellant
(Petitioner/Claimant),

v.

S-13-0047

STATE OF WYOMING ex rel.
WYOMING WORKERS' SAFETY AND
COMPENSATION DIVISION,

Appellee
(Respondent).

*Appeal from the District Court of Fremont County*
*The Honorable Norman E. Young, Judge*

*Representing Appellant:*
> Frank B. Watkins of Frank B. Watkins, P.C., Riverton, Wyoming.

*Representing Appellee:*
> Gregory A. Phillips, Wyoming Attorney General; John D. Rossetti, Deputy Attorney General; Michael J. Finn, Senior Assistant Attorney General; Kelly Roseberry, Assistant Attorney General.

*Before KITE, C.J., and HILL, VOIGT, BURKE, and DAVIS, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**VOIGT**, **Justice**.

[¶1]    The appellant suffered a heart attack while working as a medical/surgical charge nurse at Lander Regional Hospital.  She applied for benefits with the Wyoming Workers' Safety and Compensation Division (Division), but the claim was denied.  The Office of Administrative Hearings (OAH) upheld the Division's denial of benefits, concluding the appellant did not satisfy her burden set forth in Wyo. Stat. Ann. § 27-14-603(b) (LexisNexis 2013).  Specifically, it found the appellant failed to prove her myocardial infarction was caused by exertion clearly unusual or abnormal to her particular employment at the Hospital.[1]  The appellant sought review of the OAH's decision and the district court affirmed.  On appeal to this Court, the appellant claims the OAH misinterpreted the statute governing coronary conditions when it required the appellant to prove that her duties precipitating the heart attack were unusual or abnormal for her position at the Hospital, rather than unusual or abnormal in the nursing profession generally.  We affirm.

## ISSUE

[¶2]    Did the OAH err as a matter of law when it interpreted Wyo. Stat. Ann. § 27-14-603(b)(ii) to require that the causative exertion be unusual or abnormal for a medical/surgical unit charge nurse at the appellant's specific place of employment, rather than being unusual or abnormal for a medical/surgical unit charge nurse in the nursing profession generally?

## FACTS

[¶3]    On October, 2, 2010, the appellant was working the 7:00 p.m. to 7:00 a.m. shift as a charge nurse at the Hospital's medical/surgical unit.  At approximately 10:45 p.m., the appellant and four other employees moved an immobile stroke patient from a hospital bed to an air mattress to allow for incontinent care to be provided.  The appellant and another nurse provided such care, and then attempted to move the patient into bed.  Soon thereafter, the appellant became nauseous, felt like she was going to vomit, and began to sweat heavily.

[¶4]    Because of her training, the appellant realized she was experiencing symptoms indicative of a heart attack and went to the Hospital's emergency room.  The appellant was admitted to the emergency room around 12:45 a.m., where she was diagnosed with a heart attack.  The appellant was life-flighted to Wyoming Medical Center in Casper, where she underwent triple bypass surgery.

---

[1] The parties also refer to Lander Regional Hospital as Lander Valley Medical Center.  To avoid any confusion, we refer to this medical facility simply as the Hospital.

1

[¶5]    The appellant applied for worker's compensation benefits for expenses related to the heart attack, which the Division denied. Applying Wyo. Stat. Ann. § 27-14-603(b), the Division found the "[m]edical documentation on file does not support a direct causal connection between the condition under which [the appellant's] work was performed and [the appellant's] cardiac condition diagnosed as three vessel coronary atherosclerotic disease." The appellant objected, and the case was referred to the OAH for contested case proceedings.

[¶6]    The OAH held a contested case hearing, during which the appellant, the Division, and the Hospital all presented evidence and arguments. The appellant took the position that her burden under Wyo. Stat. Ann. § 27-14-603(b)(ii) required proof that the exertion leading to her heart attack was abnormal or unusual for a charge nurse generally in the industry. Accordingly, the appellant relied on testimony to this effect from her cardiac surgeon at Wyoming Medical Center, Dr. Eric Munoz. Dr. Munoz did not specifically review the duties and policies for a charge nurse at the Hospital; rather, his opinion was based on (1) the appellant's own account of the facts, and (2) general observations at several different hospitals around the country where he worked throughout his career. Premised on these bases, Dr. Munoz concluded the exertions causing the appellant's heart attack at the Hospital were unusual or abnormal for a charge nurse.

[¶7]    Conversely, the Division's and Hospital's medical expert testified about causation by comparing the appellant's duties to those of a charge nurse specifically employed at the Hospital. The OAH received evidence establishing the appellant's job description and working conditions for a charge nurse at the Hospital's medical/surgical unit. Also entered into evidence and considered by the OAH were the Hospital's staffing reports, patient reports, and polices regarding nurse staffing.

[¶8]    The OAH issued a clear and cogent 42-page order[2] denying benefits, finding the appellant failed to prove her activities as a charge nurse on the night of the heart attack were unusual to or abnormal for a charge nurse in the medical/surgical unit at the Hospital. Specifically, the OAH found:

> This Office also finds that the Wyoming Supreme Court case of *Loomer v. State ex rel. Wyoming Workers' Safety and Compensation Division*, 2004 WY 47, 88 P.3d 1036 (Wyo. 2004) controls this matter and requires [the appellant] to prove the causative exertion was unusual or abnormal for a charge nurse on the medical/surgical unit of LRH and not the nursing profession in general or a position in the surgical unit of the Wyoming Medical Center in Casper. In *Loomer*, the Wyoming Supreme Court reiterated its

---

[2] The OAH's order includes detailed findings of fact and conclusions of law.

holding that to ascertain when an employee's specific exertion is unusual, an objective versus subjective test must be used. The objective test compares the employee's specific exertion to the usual exertion of other employees engaged in the same or similar activity. The court also held that the causative stress or exertion must be clearly unusual to or abnormal for employees in that particular employment.

(Emphasis in original.)

[¶9] Based upon this controlling authority, the OAH determined:

[The appellant] did not satisfy her burden of proof for a coronary condition because she did not prove that her duties on the evening of October 2, 2010 were unusual or abnormal for that of a charge nurse on the medical/surgical unit of LRH. [The appellant] admitted, and the evidence showed, that it was typical for her to have five patients, provide incontinent care multiple times during the course of her shift, work with a traveler nurse, lift and move patients in their beds and have multiple tasks to perform at any given time. All medical evidence concluded that [the appellant's] heart attack was caused by her three-vessel coronary artery disease, history of smoking a pack of cigarettes a day for 40 years, family history of artery disease and other risk factors. Dr. Munoz' opinion was undermined by his lack of understanding of the medical/surgical unit at LRH, as well as the history provided to him by [the appellant], which was exaggerated in terms of the number of patients she had to care for on October 2, 2010.

In sum, the OAH concluded that "[i]n fact, [the appellant] was hired to do all of those activities during the normal course of business as a charge nurse on the medical/surgical unit at LRH. The Wyoming Supreme Court case of *Loomer* [] clearly defines the employment stress must be unusual for an LRH charge nurse on the medical/surgical unit."

[¶10] The appellant petitioned the district court for review, which affirmed, and this appeal followed.

3

**STANDARD OF REVIEW**

[¶11] In an appeal from a district court's review of an administrative decision, we review the matter as if it had come directly from the agency, affording no special deference to the district court's decision. *Hayes v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2013 WY 96, ¶ 11, 307 P.3d 843, 846 (Wyo. 2013). We review an agency's conclusions of law *de novo*, and will affirm only if the agency's conclusions are in accordance with the law. *Moss v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2010 WY 66, ¶ 11, 232 P.3d 1, 4 (Wyo. 2010); Wyo. Stat. Ann. § 16-3-114(c)(ii)(A) (LexisNexis 2013).

**DISCUSSION**

[¶12] The appellant's claim for benefits concerning her coronary condition is controlled by Wyo. Stat. Ann. § 27-14-603(b)(ii), which requires a claimant to establish, *inter alia*, that: "causative exertion occurs during the actual period of employment stress clearly unusual to or abnormal for employees in that particular employment . . . ." Pursuant to this provision, the hearing examiner required the appellant to establish that her heart attack was caused by exertion unusual to or abnormal for a charge nurse on the medical/surgical unit of the Hospital, not in the nursing profession in general. The appellant contends the OAH erred and that "particular employment" in her case means a medical/surgical charge nurse without the specific focus on the employer. We previously have had occasion to interpret this provision, which clearly answers the appellant's issue against her.

[¶13] In *Loomer v. State ex rel. Wyoming Workers' Safety and Compensation Division*, the claimant was originally hired by the employer, TRC, as a pipe inspector; however, the claimant suffered a heart attack while unloading pipe off of a truck he had delivered to a well site. 2004 WY 47, ¶ 1, 88 P.3d 1036, 1038 (Wyo. 2004). The initial question became whether the claimant's "particular employment" at the time of his heart attack was that of a pipe fitter or truck driver. We determined the "phrase 'particular employment' as found in Wyo. Stat. Ann. § 27–14–603(b)(ii) means the task being performed at the time of the causative exertion." *Id*. at ¶ 30, at 1045. Based upon our interpretation, we explained that a claimant must establish that the employment stress was abnormal or unusual for a person with that particular employer:

> When Mr. Loomer suffered his heart attack, his particular employment was that of a TRC truck driver. Therefore, we must now determine whether there is substantial evidence to support the Commission's determination that the employment stress Mr. Loomer experienced was neither abnormal to nor unusual for a TRC truck driver.

*Id*. at ¶ 24, at 1044.

4

[¶14]  In the instant case, the OAH's decision is in accordance with Wyoming's coronary statute and *Loomer*.  It correctly determined that the appellant's particular employment at the time of her heart attack was that of a charge nurse on the medical/surgical unit at the Hospital.[3]

## CONCLUSION

[¶15]  The OAH correctly interpreted and applied Wyo. Stat. Ann. § 27-14-603(b)(ii).  The appellant was required to prove that the causative exertion be abnormal or unusual for a medical/surgical unit charge nurse at the Hospital.

[¶16]  Affirmed.

---

[3] Although the appellant raises one narrow issue of law, she includes in her briefing argument that under her interpretation of Wyo. Stat. Ann. § 27-14-603(b)(ii), she has met her burden of proof based upon the evidence presented.  Because we find that the OAH did not err in interpreting and applying the statute at issue, we need not address the appellant's ancillary argument.  *See Hall v. Perry*, 2009 WY 83, ¶ 3 n.1, 211 P.3d 489, 490 n.1 (Wyo. 2009).  Indeed, the appellant concedes that "the stress at her workplace may have been usual and normal for a medical/surgical charge nurse with her particular employer . . . ."